IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDRE LONG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER ENRIQUE PEREZ, UNKNOWN OFFICERS, and the CITY OF BURBANK,<br><br>　　　　Defendants. | FILED: JUNE 27, 2008<br>08CV 3676<br>JUDGE MANNING<br>MAGISTRATE JUDGE VALDEZ<br>EDA<br><br>No. |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson, & Baker LLC., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit OFFICER ENRIQUE PEREZ, UNKNOWN OFFICERS (hereinafter the "DEFENDANT OFFICERS"), and the CITY OF BURBANK.

## JURISDICTION

1.　The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.　PLAINTIFF is a resident of the State of Illinois and of the United States.

3.　The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF BURBANK.

4. The CITY OF BURBANK is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint. At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF BURBANK.

**FACTS**

5. On or about May 8, 2008, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF.

6. Specifically, some or all of the DEFENDANT OFFICERS used more force than was necessary to effectuate the arrest of plaintiff despite the fact that the PLAINTIFF had not resisted arrest, had not threatened the DEFENDANT OFFICERS, and was not a threat to the DEFENDANT OFFICERS.

7. The DEFENDANT OFFICERS refused to provide immediate medical treatment and/or summon medical assistance to the scene of the arrest even though it was apparent that Plaintiff had suffered injuries requiring medical attention.

8. The DEFENDANT OFFICERS also refused to allow PLAINTIFF access to his attorneys for legal counsel.

9. This conduct violated the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

10. On or about May 8, 2008, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

11. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

12. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

13. On or about May 8, 2008, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF BURBANK. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

14. Upon information and belief, OFFICER ENRIQUE PEREZ, on May 8, 2008, came into physical contact with PLAINTIFF.

15. Upon information and belief, UNKNOWN OFFICERS, on May 8, 2008, came into physical contact with PLAINTIFF.

## CONSPIRACY

16. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

   a. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

   b. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

   c. generating false documentation to cover-up for their own and each other's misconduct; and

   d. refusing to allow PLAINTIFF to consult with his attorney to cover-up for each other's misconduct.

17. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about May 8, 2008, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the

3

allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to suffer injury.

## EQUAL PROTECTION

18. The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, relative to the PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

19. With regard to an Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis. PLAINTIFF was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by, *inter alia*, generating false evidence against PLAINTIFF, and efusing to allow PLAINTIFF acces to his attorney. Further, PLAINTIFF was similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

### SPECIFIC ALLEGATIONS REGARDING EQUAL PROTECTION CLASS OF ONE
### *(ALTERNATIVE PLEADING)*

20. The DEFENDANT OFFICERS, each of them, have arrested over 20 individuals prior to the arrest of the PLAINTIFF.

21. On at least 20 occasions prior to May 8, 2008 the wherein the DEFENDANT OFFICERS have had occasion to place individuals into custody and/or under arrest they did not use too much force, under the circumstances.

22. On at least 20 occasions prior to May 8, 2008 the DEFENDANT OFFICERS, each of them, have not falsified or contributed to the falsification of police reports.

23. OFFICER ENRIQUE PEREZ, on at least 20 occasions prior to and/or after May 8, 2008, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

24. OFFICER ENRIQUE PEREZ, on at least 20 occasions prior to and/or after May 8, 2008, has not used too much force under the circumstances while OFFICER ENRIQUE PEREZ has been involved in an arrest of an individual(s).

25. OFFICER ENRIQUE PEREZ, on at least 20 occasions prior to and/or after May 8, 2008, has not denied an arrestee the right to legal counsel.

26. On May 8, 2008 there was no reasonable reason for OFFICER ENRIQUE PEREZ to falsify a police report, use more force than was necessary under the circumstances, or deny the right to legal counsel with respect to PLAINTIFF.

## COUNT I
### §1983 Excessive Force

27. PLAINTIFF re-alleges paragraphs 1 – 26 as though fully set forth herein.

28. The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFF. This conduct violates the Fourth Amendment of the United States Constitution.

29. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the

DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### §1983 Denial of Access to Legal Counsel

30. PLAINTIFF re-alleges paragraphs 1 – 26 as though fully set forth herein.

31. The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to denial of access to legal counsel to the PLAINTIFF.  This conduct violates the Sixth Amendment of the United States Constitution.

32. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT III
### Battery –State Claim

33. PLAINTIFF re-alleges paragraphs 1 – 26 as though fully set forth herein.

34. The DEFENDANT OFFICERS struck the PLAINTIFF intentionally, without consent and without justification.

35. The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

36. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT

OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
### § 1983 Deliberate Indifference to Medical Needs

37. PLAINTIFF re-alleges paragraphs 1 – 26 as though fully set forth herein.

38. The actions of the DEFENDANT OFFICERS were deliberately indifferent to the medical needs of the PLAINTIFF in that said DEFENDANT OFFICERS failed to provide PLAINTIFF with immediate medical attention after causing injury to PLAINTIFF

39. Said DEFENDANT OFFICERS, instead of transporting PLAINTIFF for immediate medical treatment, collectively and/or individually, sought to cover-up the misconduct by processing PLAINTIFF, instead of providing immediate medical treatment.

40. This conduct violated the Fourteenth Amendment to the United States Constitution.

41. The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT V
### § 1983 Conspiracy Claim

42. PLAINTIFF re-alleges paragraphs 1 – 26 as though fully set forth herein.

43. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VI
### Conspiracy Claim – State Law

44. PLAINTIFF re-alleges paragraphs 1 – 26 as though fully set forth herein.

45. The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VII
### § 1983 Equal Protection – Class of One

46. PLAINTIFF re-alleges paragraphs 1 – 26 as though fully set forth herein.

47. The actions of the DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

48. The aforementioned actions of said DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VIII
### 745 ILCS 10/9-102 Claim Against the CITY OF BURBANK

49. PLAINTIFF re-alleges paragraphs 1 – 26 as though fully set forth herein.

50. Defendant CITY OF BURBANK is the employer of the DEFENDANT OFFICERS alleged above.

51. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF BURBANK.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF BURBANK pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint.

## COUNT IX
### Supplementary Claim for *Respondeat Superior*

52. PLAINTIFF re-alleges paragraphs 1 – 26 as though fully set forth herein.

53. The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF BURBANK, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF BURBANK and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

54. Plaintiff demands trial by jury.

        Respectfully submitted,


        s/ Blake Horwitz_____
        Attorney for the Plaintiff
        Blake Horwitz



**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076