**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANDRE LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 3676 |
| | ) | |
| OFFICER ENRIQUE PEREZ, UNKNOWN | ) | Judge Manning |
| OFFICERS, and the CITY OF BURBANK | ) | Magistrate Judge Valdez |
| | ) | |
| Defendants. | ) | JURY DEMAND |

NOW COME the Defendants OFFICER ENRIQUE PEREZ, UNKNOWN OFFICERS, and the CITY OF BURBANK, by and through their attorneys, LOUIS F. CAINKAR, LTD., and for their answer and affirmative defenses to the Plaintiff's, ANDRE LONG, complaint, states as follows:

## JURISDICTION

1.  The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER:** Defendants admit the truth of the averments made in paragraph 1.

## PARTIES

2.  PLAINTIFF is a resident of the State of Illinois and of the United States.

**ANSWER:** Defendants lack information sufficient to form a belief as to the truth of the averments made in paragraph 2.

3.  The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF BURBANK.

**ANSWER:** Defendants admit that Officer Perez was employed and acting on behalf of the City of Burbank but lack sufficient knowledge to form a belief as to the truth of the averment as it relates to UKNOWN OFFICERS.

4. The CITY OF BURBANK is duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint. At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinances and/or regulation, statutes, custom and usages of the CITY OF BURBANK.

**ANSWER:** Defendants admit that the City of Burbank is a municipal corporation and that Officer Perez was acting under color of law but lacks sufficient knowledge to form a belief as to the truth of the remaining allegations.

## FACTS

5. On or about May 8, 2008, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 5.

6. Specifically, some or all of the DEFENDANT OFFICERS used more force than was necessary to effectuate the arrest of plaintiff despite the fact that the PLAINTIFF had not resisted arrest, had not threatened the DEFENDANT OFFICERS, and was not a threat to the DEFENDANT OFFICERS.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 6.

7. The DEFENDANT OFFICERS refused to proved immediate medical treatment and/or summon medical assistance to the scene of the arrest even though it was apparent that Plaintiff had suffered injuries requiring medical attention.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 7.

8. The DEFENDANT OFFICERS also refused to allow PLAINTIFF access to his attorneys for legal counsel.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 8.

9. This conduct violated the Fourth, Sixth and Fourteenth Amendments to the Untied States Constitution.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 9.

10. On or about May 8, 2008, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 10.

11. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 11.

12. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 12.

13. On or about May 8, 2008, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF BURBANK. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 13.

14. Upon information and belief, OFFICER ENRIQUE PEREZ, on May 8, 2008, came into physical contact with PLAINTIFF.

**ANSWER:** Defendants admit that Officer Perez came into physical contact with the Plaintiff in order to effectuate Plaintiff's arrest.

15. Upon information and belief, UNKNOWN OFFICERS, on May 8, 2008, came into physical contact with PLAINTIFF.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the truth of the averments made in paragraph 15.

16. Some or all of the DEFENDANT OFFICERS were conspired to cause damage to PLAINTIFF in the following manner:

   a. Using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

   b. Agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

   c. Generating false documentation to cover-up for their own and each other's misconduct; and

   d. Refusing to allow PLAINTIFF to consult with his attorney to cover-up for each other's misconduct.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 16.

17. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about May 8, 2008, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to suffer injury.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 17.

## EQUAL PROTECTION

18. The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, relative to the PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 18.

19. With regard to an Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational bases. PLAINTIFF was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminator intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by, *inter alia*, generating false evidence against PLAINTIFF, and effusing [*sic*] to allow PLAINTIFF acces [*sic*] to his attorney. Further, PLAINTIFF was similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 19.

## SPECIFIC ALLEGATIONS REGARDING EQUAL PROTECTION
## CLASS OF ONE *(ALTERNATIVE PLEADING)*

20. The DEFENDANT OFFICERS, each of them, have arrested over 20 individuals prior to the arrest of the PLAINTIFF.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the truth of the averments made in paragraph 20.

21. On at least 20 occasions prior to May 8, 2008, the wherein the DEFENDANT OFFICERS have had occasion to place individuals into custody and/or under arrest they did not use too much force, under the circumstances.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the truth of the averments made in paragraph 21.

22. On at least 20 occasions prior to May 8, 2008, the DEFENDANT OFFICERS, each of them, have not falsified or contributed to the falsification of police reports.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the truth of the averments made in paragraph 22.

23. OFFICER ENRIQUE PEREZ, on at least 20 occasions prior to and/or after May 8, 2008, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

**ANSWER:** Office Perez admits that he has never falsified information contained within a police report with regard to the arrest.

24. OFFICER ENRIQUE PEREZ, on at least 20 occasions prior to and/or after May 8, 2008, has not used too much force under the circumstances while OFFICER ENRIQUE PEREZ has been involved in an arrest of an individual(s).

**ANSWER:** Officer Perez admits that he has never used unreasonable force to arrest an individual.

25. OFFICER ENRIQUE PEREZ, on at least 20 occasions prior to and/or after May 8, 2008, has not denied an arrestee the right to legal counsel.

**ANSWER:** Officer Perez admits that he has never denied an arrestee the right to legal counsel when required to do so by law.

26. On May 8, 2008 there was no reasonable reason for OFFICER ENRIQUE PEREZ to falsify a police report, use more force than was necessary under the circumstances, or deny the right to legal counsel with respect to PLAINTIFF.

**ANSWER:** Officer Perez denies the truth of the factual averments made in paragraph 26.

## COUNT I
### §1983 Excessive Force

27. PLAINTIFF re-alleges paragraphs 1-26 as though fully set forth herein.

**ANSWER:** Defendants incorporate and adopt their answers to paragraphs 1-26 as their answer to 27.

28. The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto Plaintiff. This conduct violates the Fourth Amendment of the United States Constitution.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 28.

29. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 29.

WHEREFORE, Defendants respectfully requests that judgment be entered in their favor and against the Plaintiff with an award of fees and costs.

## COUNT II
### §1983 Denial of Access to Legal Counsel

30. PLAINTIFF re-alleges paragraphs 1-26 as though fully set forth herein.

**ANSWER:** Defendants incorporate and adopt their answers to paragraphs 1-26 as their answer to 30.

31. The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to denial of access to legal counsel to the PLAINTIFF. This conduct violates the Sixth Amendment of the United States Constitution.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 31.

32. The aforementioned actions of the DEFENDANT OFFIERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 32.

WHEREFORE, Defendants respectfully requests that judgment be entered in their favor and against the Plaintiff with an award of fees and costs.

### COUNT III
### Battery-State Claim

33. PLAINTIFF re-alleges paragraphs 1-26 as though fully set forth herein.

**ANSWER:** Defendants incorporate and adopt their answers to paragraphs 1-26 as their answer to 33.

34. The DEFENDANT OFFICIERS struck the PLAINTIFF intentionally, without consent and without justification.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 34.

35. The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 35.

36. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 36.

WHEREFORE, Defendants respectfully requests that judgment be entered in their favor and against the Plaintiff with an award of fees and costs.

## COUNT IV
## §1983 Deliberate Indifference to Medical Needs

37. PLAINTIFF re-alleges paragraphs 1-26 as though fully set forth herein.

**ANSWER:** Defendants incorporate and adopt their answers to paragraphs 1-26 as their answer to 37.

38. The actions of the DEFENDANT OFFICERS were deliberately indifferent to the medical needs of the PLAINTIFF in that said DEFENDANT OFFICERS failed to provide PLAINTIFF with immediate medical attention after causing injury to PLAINTIFF

**ANSWER:** Defendants deny the truth of the averments made in paragraph 37.

39. Said DEFENDANT OFFICERS, instead of transporting PLAINTIFF for immediate medical treatment, collectively and/or individually, south to cover-up the misconduct by processing PLAINTIFF, instead of providing immediate medical treatment.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 39.

40. This conduct violated the Fourteenth Amendment to the United States Constitution.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 40.

41. The aforementioned actions of said OFFICERS were direct and proximate cause of the constitutional violations set forth above.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 41.

WHEREFORE, Defendants respectfully requests that judgment be entered in their favor and against the Plaintiff with an award of fees and costs.

## COUNT V
### §1983 Conspiracy Claim

42. PLAINTIFF re-alleges paragraphs 1-26 as though fully set forth herein.

**ANSWER:** Defendants incorporate and adopt their answers to paragraphs 1-26 as their answer to 42.

43. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 43.

WHEREFORE, Defendants respectfully requests that judgment be entered in their favor and against the Plaintiff with an award of fees and costs.

## COUNT VI
### Conspiracy Claim-State Law

44. PLAINTIFF re-alleges paragraphs 1-26 as though fully set forth herein.

**ANSWER:** Defendants incorporate and adopt their answers to paragraphs 1-26 as their answer to 44.

45. The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

**ANSWER:** There is no private right of action under the Illinois Constitution. Defendants deny the remaining allegations of paragraph 45.

WHEREFORE, Defendants respectfully requests that judgment be entered in their favor and against the Plaintiff with an award of fees and costs.

## COUNT VII
### §1983 Equal Protection-Class of One

46.   PLAINTIFF re-alleges paragraphs 1-26 as though fully set forth herein.

**ANSWER:**  Defendants incorporate and adopt their answers to paragraphs 1-26 as their answer to 46.

47.   The actions of the DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

**ANSWER:**  Defendants deny the truth of the averments made in paragraph 47.

48.   The aforementioned actions of said DEFENDANT OFFICERS were direct and proximate cause of the constitutional violations set forth above.

**ANSWER:**  Defendants deny the truth of the averments made in paragraph 48.

WHEREFORE, Defendants respectfully requests that judgment be entered in their favor and against the Plaintiff with an award of fees and costs.

## COUNT VIII
### 745 ILCS 10/9-102 Claim Against the CITY OF BURBANK

49.   PLAINTIFF re-alleges paragraphs 1-26 as though fully set forth herein.

**ANSWER:**  Defendants incorporate and adopt their answers to paragraphs 1-26 as their answer to 49.

50.   Defendant CITY OF BURBANK is the employer of the DEFENDANT OFFICERS alleged above.

**ANSWER:** City of Burbank lacks sufficient knowledge to form a belief as to the truth of the averments made in paragraph 50.

51. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in scope of employment of CITY OF BURBANK.

**ANSWER:** City of Burbank lacks sufficient knowledge to form a belief as to the truth of the averments made in paragraph 51.

WHEREFORE, Defendants respectfully requests that judgment be entered in their favor and against the Plaintiff with an award of fees and costs.

**COUNT IX**
**Supplementary Claim for *Respondeat Superior***

52. PLAINTIFF re-alleges paragraphs 1-26 as though fully set forth herein.

**ANSWER:** Defendants incorporate and adopt their answers to paragraphs 1-26 as their answer to 52.

53. The aforesaid acts of the DEFENDANT OFFICERS were in scope of employment and therefore the Defendant CITY OF BURBANK, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

**ANSWER:** Defendants lacks sufficient knowledge to form a belief as to the truth of the averments made in paragraph 53.

WHEREFORE, Defendants respectfully requests that judgment be entered in their favor and against the Plaintiff with an award of fees and costs.

**JURY DEMAND**

54. Plaintiff demands trial by jury.

**ANSWER:** N/A

S/     Joseph Cainkar

## AFFIRMATIVE DEFENSES

1. The individual defendants are entitled to qualified immunity on all federal claims.

2. Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 447 (1994).

3. The Defendants are immune from any state law claim that concerns the physical touching of the plaintiff because it was justified under 720 ILCS 5/7-5.

4. The defendants are immune from any state law claims pursuant to Sections 2-102, 2-109, 2-201, 2-202, 2-204 and 4-105 of the Illinois Governmental and Governmental Employees Tort Immunity Act ("Act").

S/     Joseph Cainkar

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, on oath state: I served a copy of the Answer and Affirmative Defenses by e-mailing a copy to the CMT System for the Northern District of Illinois on August 28, 2008.

S/     Joseph Cainkar